24-2431
*Rubenstein v. Bartel*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand twenty-five.

Present:
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

MARK RUBENSTEIN, DENNIS J. DONOGHUE,

> *Plaintiffs-Appellants*,

v.                                                                  24-2431

RALPH BARTEL, THE RALPH BARTEL 2005 TRUST,
AZURRO CAPITAL INC.,

> *Defendants-Appellees.* *

---

FOR PLAINTIFFS-APPELLANTS:               MIRIAM TAUBER, Miriam Tauber Law PLLC,
                                         New York, NY; David Lopez, Law Offices of
                                         David Lopez, Southampton, NY.

FOR DEFENDANTS-APPELLEES:                JEFFREY D. BROOKS, Morrison Cohen LLP,
                                         New York, NY.

---

* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for Southern District of New York (Kaplan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs Mark Rubenstein and Dennis Donoghue filed a complaint alleging that Defendants Ralph Bartel, the Ralph Bartel 2005 Trust, and Azurro Capital, Inc., engaged in short-swing trading in violation of Section 16(b) of the Securities and Exchange Act of 1934. Defendants moved to dismiss the complaint, and Magistrate Judge Cave issued a Report and Recommendation ("R&R") recommending that the district court grant the motion. On August 16, 2024, the district court issued a decision adopting the R&R.

On appeal, Plaintiffs argue that the district court erred in granting Defendants' motion to dismiss. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"We review *de novo* the decision to dismiss causes of action for failure to state a claim for relief." *In re 305 E. 61st St. Grp. LLC*, No. 23-1202, 2025 WL 678645, at *5 (2d Cir. Mar. 4, 2025) (internal quotation marks omitted). "In doing so, we accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor." *Id.* (alterations adopted and internal quotation marks omitted).

"To prevent insiders of a securities issuer from trading on material non-public information, Section 16(b) of the Securities Exchange Act of 1934 imposes strict liability on certain insiders of an issuer, requiring them to disgorge to the issuer any profits they realize from short-swing trading in the issuer's securities." *Rubenstein v. Int'l Value Advisers, LLC*, 959 F.3d 541, 543 (2d Cir.

2020). In particular, Section 16(b), also known as the "short-swing profit rule," provides:

> For the purpose of preventing the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer . . . within any period of less than six months . . . shall inure to and be recoverable by the issuer, irrespective of any intention on the part of such beneficial owner, director, or officer.

15 U.S.C. § 78p(b). "Unlike most of the federal securities laws, § 16(b) does not confer enforcement authority on the Securities and Exchange Commission." *Gollust v. Mendell*, 501 U.S. 115, 122 (1991). Instead, "the security holders of an issuer . . . have the ultimate authority to sue for enforcement of § 16(b)." *Id.*

To state a claim under Section 16(b), "a plaintiff must plausibly allege that there was (1) a purchase and (2) a sale of securities (3) by an officer or director of the issuer or by a shareholder who owns more than ten percent of any one class of the issuer's securities (4) within a six-month period." *Olagues v. Perceptive Advisors LLC*, 902 F.3d 121, 125 (2d Cir. 2018) (internal quotation marks omitted).

At the same time, Rule 16b-3 exempts from the short-swing profit rule "any issuer-to-insider transaction 'involving a grant, award or other acquisition' of issuer equity securities . . . if the transaction is 'approved by the board of directors of the issuer.'" *Gryl ex rel. Shire Pharms. Grp. PLC v. Shire Pharms. Grp. PLC*, 298 F.3d 136, 140–41 (2d Cir. 2002) (quoting 17 C.F.R. § 240.16b–3(d)(1)). In other words, Rule 16b-3 exempts a transaction when three requirements are met: (1) the transaction "involve[s] the defendant acquiring issuer equity securities from the issuer," (2) the defendant is "a director or officer of the issuer at the time of the transaction," and

3

(3) the transaction is "approved in advance by the issuer's board of directors." *Id.* at 141.[1] As the U.S. Securities and Exchange Commission has explained, "where the issuer, rather than the trading markets, is on the other side of an officer or director's transaction in the issuer's equity securities, any profit obtained is not at the expense of uninformed shareholders and other market participants of the type contemplated by the statute." *Roth ex rel. Beacon Power Corp. v. Perseus L.L.C.*, 522 F.3d 242, 247 (2d Cir. 2008) (quoting Ownership Reports and Trading by Officers, Directors and Principal Security Holders, Exchange Act Release No. 34-37260, 61 Fed. Reg. 30376, 30377 (June 14, 1996)).

Plaintiffs fail to state a claim under Section 16(b) because the purchase at issue here was exempt under Rule 16b-3. A Special Committee of the Board of Directors approved the stock purchase agreement on December 5, 2022, and a majority of Travelzoo's shareholders approved the purchase on December 28, 2022. Bartel was a director of Travelzoo when the purchase was approved: as alleged in the complaint, he did not resign until the day of closing, which occurred on December 30, 2022. Thus, Rule 16b-3 applies because the purchase (i) "involve[d] [Bartel] acquiring issuer equity securities from the issuer," (ii) Bartel was "a director or officer of the issuer at the time of the transaction," and (iii) the transaction was "approved in advance by" the Special Committee and the issuer's shareholders. *Gryl*, 298 F.3d at 141.

"So long as the relevant securities transaction is between an issuer and insider, and so long as the terms and conditions of that transaction receive advance approval by the board of directors, there exists sufficient protection to ensure that any short-swing profit taking that follows is not the

---

[1] Rule 16b-3(d)(1) also permits approval by "a committee of the board of directors that is composed solely of two or more Non-Employee Directors." 17 C.F.R. § 240.16b-3(d)(1).

result of unfair market manipulation." *Gryl*, 298 F.3d at 145–46. That is exactly what occurred here, and it is not relevant whether Bartel remained a director at the time of the closing. To the contrary, as the district court explained, "for purposes of § 16(b), a purchase occurs when an investor's rights and obligations under the transaction become fixed and irrevocable and not when the technical purchase (i.e., closing) occurs." Joint App'x at 292 (internal quotation marks and footnotes omitted).

* * *

We have considered the remainder of Plaintiffs' arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5